SOUTHERN LIFE INSURANCE AND TRUST COMPANY v. DAVIS and others.

On a bill filed in the name of a company and J. B. and L. O. B. and the bill stating that the latter were the assignees of the company, a plea was interposed, denying that they were assignees and setting forth matter showing that, in a decree in another suit, their assignment was set aside and the property of the company was in receivers hands: *Held*, that this showing did not amount to duplicity.

*Also held*, that if it had been a mere naked plea of the decree, without an averment of its remaining in force, the plea would have been bad; but the positive averment that the said J. B. and L. O. B. were not assignees, coupled with the above (first mentioned) statement as to the decree, carried a sufficient implication that the decree was in force—and the plea was allowed.

BILL filed, in the name of The Southern Life Insurance and Trust Company, a body politic and corporate, located and doing business in the city of Tallahassee in the Territory of Florida and Joseph Branch and Lawrence O. B. Branch of the same place, to set aside alleged usurious loans made by the defendant Thomas E. Davis to Lot Clark as agent for the said Southern Life Insurance and Trust Company. The following clause appeared in the bill : " your orators further show unto your honor that, on the thirtieth day of January one thousand eight hundred and forty-three, your orators the Southern Life Insurance and Trust Company executed to your orators Joseph Branch and Lawrence O. B. Branch a general assignment of all the property and effects of the Southern Life Insurance and

Trust Company for the benefit of the creditors thereof; and that your orators, the said Joseph Branch and Lawrence O. B. Branch, then accepted the said assignment and entered upon the duties of the said trust."

The defendant Thomas E. Davis interposed a plea, negativing that the said Joseph Branch and Lawrence O. B. Branch were the assignees of the company, as follows:

"This defendant, by protestation, to all the discovery and relief sought and prayed by the complainants said bill of complaint, he, this defendant, doth plead and, for plea, he saith, that the said complainants Joseph Branch and Lawrence O. B. Branch are not the assignees of all or any of the property and effects of the said the Southern Life Insurance and Trust Company as claimed in the said bill of complaint and have no right to maintain this suit and ought not to have been made complainants or co-complainants therein. That on or about the third day of May in the year of our Lord one thousand eight hundred and forty-four a certain decree was duly made and entered in the Lever County Superior Court, Middle District of Florida in chancery (being a court of record of competent jurisdiction for the said Territory of Florida) in a certain suit then and there pending between Henry G. Guyon, John Lucas, John B. Carroll, Richard Edwards Junior, Benjamin B. Winn and Alonzo Cook, late, &c. and Thomas C. Rockhill & Co. complainants and the said The Southern Life Insurance and Trust Company, George Field, Robert Lyon, Tarbutt R. Bitton, John Miller, William Fisher, George E. Dennis, James Thomas Kennith Bembry, Ayles B. Shehee, Lewis H. Branch, Nathaniel C. Robbins, Lawrence O. B. Branch, Joseph Branch, Alphonse Loubat, Nathaniel D. Carlisle, Charles Barnard, Abel Adams, George M. Barnard and Charles Lurkin, Lowell Holbrook, Thomas S. Nelson and William E. Shepard, Erastus Corning, David Lee, John J. De Gruff, Robert Center and Edward C. Center, William S. Parker and John H. Prentiss, Louis Emile Lakens, Roskell, Ogden & Co. George Griswold, Lewis Curtis, John Horsly Palmer, ——— McKillop, ——— Dent, (trading as Palmer, McKillopp, Dent & Co.) Duff Green and Charles S. Sibley, defendants, wherein and whereby it was ordered,

adjudged, considered and decreed that the assignments therein mentioned and referred to (including the assignment made and executed by the said The Southern Life Insurance and Trust Company to the said Lawrence Branch and Joseph O. B. Branch on the thirtieth day of January in the year one thousand eight hundred and forty-three) were and are fraudulent and void and were so decreed by the said court. That, in and by the said decree, it was further ordered that receivers be and they were thereby appointed to take charge of, manage, collect and receive all the property and estate of the said company—and all persons debtors of the said The Southern Life Insurance and Trust Company were, by the said decree, enjoined from paying to any of the defendants in the said suit (including the complainants in this suit) or any person or persons excepting the said receivers or their agent or attorney any amount or sums. As by the said decree or a duly exemplified and attested copy thereof, reference being thereunto had, will more fully appear. All which matters and things this defendant avers to be true and pleads the same to the said bill and humbly demands the judgment of this honorable court and humbly prays to be dismissed with his reasonable costs, &c."

The plea now came up for argument.

Mr. *M. Hoffman* and Mr. *George Griffin*, in support of the plea.

Mr. *Brady*, for the complainants.

*October* 6, 1845.

THE VICE-CHANCELLOR :—The fact tendered for an issue on this plea is, that the complainants Joseph and Lawrence O. B. Branch are not the assignees of all or any of the property and effects of the Southern Life Insurance and Trust Company as claimed in the bill of complaint, &c.

This plea goes to displace their right to sue—divesting them of all title under the assignment alleged in the bill—and showing that, at least, there is a misjoinder of complainants. If, in point of fact, these two complainants are not assignees, the effect of it is to abate the suit and either to put the bill out of court or to drive the other complainants

to amend before this defendant can be called on to answer it.

With respect to the form of the plea, several objections are taken—none of which, however, seem to me to be tenable. After stating the fact that these two complainants are not assignees, as they claim to be, the plea goes on to state why and wherefore they are not and the means by which their assigneeship has been lost or taken from them. This is not duplicity in pleading. All the facts stated tend to but one point: that they are not assignees. If a replication is filed, that will be the issue. The judicial proceedings and decree alleged to have been made will be given in evidence in support of the plea ; and the complainants will be at liberty to show that the court, making that decree, had not acquired jurisdiction over these complainants or, for some other reason, was not competent to make such a decree or that the decree is not final or has been reversed or set aside or is not in full force ; and if any of these facts appear, the plea will be falsified. Hence, it appears to me that the plea is sufficiently full and explicit to raise the issue that is to be tried and to let in the evidence by which the fact of the complainants being assignees or not is to be determined.

I grant that if the defendant had nakedly pleaded the sentence or decree of the Florida Court, setting aside the assignment and placing a receiver in possession of the assigned property, the plea might have been deemed defective in not averring something more : as, for instance, that the decree remained in full force, unreversed, &c. But, as the plea avers, distinctly, that these complainants are not the assignees, &c. thus negativing an allegation in the bill and denying the title or right of these two persons to become complainants—(and a pure negative plea may be pleaded)—it carries with it, most strongly, the implication that the decree remains in full force and has not been overturned.

On the whole, I consider that the plea is sufficient, both in form and substance. It must be allowed, with costs ; and, on payment of such costs, the complainants may have leave to amend the bill by striking out the names of the Messrs. Branch as complainants.

1844.

LIFE INS AND
TRUST CO.
v.
DAVIS.

*Order entered :*—It is ordered that the said plea be and the same is hereby allowed· with costs to the said Thomas E. Davis to be·taxed, with liberty to the complainants The Southern Life Insurance and Trust Company to amend the said bill by striking out the names of Joseph Branch and Lawrence O. B. Branch as co-complainants, if they shall be advised so to do within twenty days after notice of this order, on payment of the said costs or if the said The Southern Life Insurance and Trust Company shall not elect so to amend, then, that the said complainants have leave to reply to the said plea and take issue thereupon within the same twenty days after notice of this order on payment of the said costs.  And it is further ordered that in default of the said The Southern Life Insurance and Trust Company so amending the said bill or the said complainants replying to the said plea and taking issue thereupon as aforesaid, that the said bill of complaint be and the same is hereby dismissed as to the said Thomas E. Davis, with costs to be taxed.